| | | |
|---|---|---|
| DAVID GIGUERE, | ) | |
| on his own behalf and on behalf of | ) | |
| those similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Docket No. 2:16-cv-58-NT |
| | ) | |
| PORT RESOURCES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Following a bench trial on the violation of the Fair Labor Standards Act ("**FLSA**"), and summary judgment in favor of named Plaintiff David Giguere on two state law counts, the parties filed memoranda to address damages due to Giguere. Def.'s Mem. (ECF No. 95); Pls.' Mem. (ECF No. 96). The parties also filed "Revised Joint Stipulations" addressing, inter alia, the back wages due to the collective action Plaintiffs under the FLSA count. *See* Revised Joint Stipulations ("**Stipulations**") (ECF No. 94); Ex. A, Back Wage Chart (the "**Wage Chart**") (ECF No. 94-1).

## PROCEDURAL HISTORY

I previously ruled in favor of the collective action Plaintiffs on summary judgment on their claim for failure to pay overtime for sleep hours under the FLSA, 29 U.S.C. § 207(a) (Count One). Order on Cross Mots. for Summ. J. (ECF No. 66). I held a bench trial on the remaining collective action issues in Count One, specifically whether the Defendant had acted willfully thus triggering a three, rather than two,

year statute of limitations, and whether the Defendant could establish a good faith defense, thus giving me discretion to decline to award liquidated damages under the FLSA. I found that the Defendant had not acted willfully and was not liable to pay liquidated damages under Count One because it established a good faith defense. The parties have stipulated to the amount of back wages that each collective action Plaintiff, and Giguere, is owed.[1] *See* Stipulations; Wage Chart.

I also granted summary judgment in favor of Giguere on two Maine law counts: a breach of the Maine Wages and Medium of Payment Act, 26 M.R.S. §§ 621-A, 626-A, 629 (Count Two), and a breach of the Maine Minimum Wage Law, 26 M.R.S. §§ 663, 664, 670 (Count Three). After trial, I asked the parties to brief the legal issues they raised in connection with determining damages for Giguere's state law claims. I now consider whether Giguere is entitled to liquidated damages under either or both of the state law counts.

## STATUTORY OVERVIEW

Under the Maine Wages and Medium of Payment Act, an employee cannot be required or permitted "to work without monetary compensation." 26 M.R.S. § 629(1). An employer that violates § 629 is liable to the employee for unpaid wages plus "an additional amount equal to twice the amount of unpaid wages as liquidated damages." 26 M.R.S. § 626-A. I shall refer to § 629 and § 626-A collectively as the "**Wages Act**" provisions.

---

[1]     The parties have stipulated that Giguere is entitled to $29,247.00 for 1,585 unpaid overtime hours and $576.25 for 46 unpaid regular hours. Stipulations ¶ 4.

Under the Maine Minimum Wage Law, "[a]n employer may not require an employee to work more than 40 hours in any one week unless 1 ½ times the regular hourly rate is paid for all hours actually worked in excess of 40 hours in that week." 26 M.R.S. § 664(3). An employer that violates § 664 is liable to the employee for "unpaid wages adjudged to be due, [plus] an additional amount equal to such wages as liquidated damages." 26 M.R.S. § 670. I shall refer to § 664 and § 670 collectively as the "**Overtime Wage**" provisions.

## DISCUSSION

Giguere argues that he is entitled to receive liquidated damages for both the Wages Act violation and the Overtime Wage violation because these violations constitute separate offenses. He asserts that because the purpose of liquidated damages under the Wages Act provisions is penal and the purpose of liquidated damages under the Overtime Wage provisions is compensatory, he can be awarded damages under both § 626-A and § 670 without receiving a double recovery.

The Defendant counters that the Overtime Wage provisions provide the exclusive state remedy for the 1,585 hours of unpaid overtime to which Giguere is entitled,[2] because violations of the Overtime Wage provisions will "almost always arguably constitute a violation of one or more" provisions of the Wages Act. Def.'s Mem. 4-6. Declining to find that the Overtime Wage provisions are the exclusive remedy for unpaid overtime hours would render those provisions effectively

---

[2] Giguere is also due 46 hours of straight time, which the Defendant acknowledges may be covered by the Wages Act provisions, § 626-A. *See* Def.'s Mem. 2; Stipulations ¶ 4.

superfluous, the Defendant claims, because a plaintiff will always choose to pursue a claim under the Wages Act, since those sections provide twice the liquidated damages of the Overtime Wage provisions.

I will first address whether Giguere is due liquidated damages under the Wages Act provisions and then will turn to damages under the Overtime Wage provisions.

## I.     Recovery of Damages Under § 626-A.

Giguere's argument for liquidated damages under the unpaid wages provisions is simple and convincing. The plain language of the Wages Act provisions requires compensation for all hours worked. 26 M.R.S. § 629. It does not exclude overtime hours. Giguere worked without compensation for 1,631 hours—1,585 overtime hours and 46 straight hours—and he deserved to be compensated for all of that time. Pls.' Mem. 2-3. I agree that the Defendant violated the Wages Act provisions by failing to compensate Giguere for any of the sleep hours that he worked, and so recovery under § 626-A is appropriate. The Defendant's argument that the Overtime Wage provisions should be the exclusive remedy for failure to pay wages for overtime hours worked is not persuasive. By failing to pay Giguere for any of his sleep hours, the Defendant violated both the Overtime Wage provisions and the Wages Act provisions.

No reported decision has addressed whether a plaintiff can recover under the Wages Act provisions and the Overtime Wage provisions where a defendant is found to have violated both. The Defendant points to three cases to support the claim that the Overtime Wage provisions should provide a plaintiff's exclusive relief, but none of those cases is dispositive. *See* Def.'s Mem. 4 (citing *Anderson v. Theriault Tree*

*Harvesting, Inc.*, No. 08-cv-330-B-W, 2010 WL 323530 (D. Me. Jan. 20, 2010); *Orr v. James D. Julia, Inc.*, No. 07-cv-51-B-W, 2008 WL 2605569 (D. Me. June 27, 2008); *Avery v. Kennebec Millwork, Inc.*, 861 A.2d 634 (Me. 2004)).[3]

Here, when Port Resources failed to pay Giguere for his "sleep hours," it violated § 629 because Giguere worked "without monetary compensation." 26 M.R.S. § 629. That the Defendant *also* violated the Overtime Wage provisions by failing to pay Giguere an additional 50% of his hourly wage does not preclude Giguere from obtaining the relief to which he is entitled under the Wages Act. I find that Giguere is entitled to recover his unpaid wages, plus twice that amount in liquidated damages under § 626-A.[4]

I next address Giguere's argument that he may also recover under the Overtime Wage provisions.

---

[3]     In *Avery*, the plaintiff brought a § 664 overtime claim and a § 629 claim for unpaid vacation time, but sought treble damages under § 626-A for both claims. *See Avery v. Kennebec Millwork, Inc.*, 861 A.2d 634, 635 (Me. 2004). *Avery* stands for the limited proposition that § 670 provides the remedies for a § 664 overtime claim and § 626-A provides the remedies for a § 629 violation. *See id.* at 636 n. 2, 637.

     Magistrate Judge Kravchuk suggested in both *Anderson* and *Orr* that where violations of the Wages Act were based on a failure to pay overtime wages, damages should be limited to the Overtime Wage remedies rather than a more generous award under § 626-A. *See Anderson v. Theriault Tree Harvesting, Inc.*, No. 08-cv-330-B-W, 2010 WL 323530, at *18 (D. Me. Jan. 20, 2010); *Orr v. James D. Julia, Inc.*, No. 07-cv-51-B-W, 2008 WL 2605569, at *15 (D. Me. June 27, 2008). Both suggestions about potential damages were dicta in recommended decisions on summary judgment, and I do not agree with them. As discussed, *supra*, the plain language of the Wages Act does not limit a plaintiff's ability to recover unpaid wages where some of those wages were for overtime hours.

[4]     The Plaintiff also based his claim for liquidated damages under 26 M.R.S. § 626-A on a violation of 26 M.R.S. § 621-A(1), which requires timely and full payment of wages within regular intervals. Having found that Giguere may recover under § 626-A for a violation of § 629, I need not discuss recovery for the § 621-A violation also alleged in Count Two.

## II.     Recovery of Damages Under § 670

Citing out-of-circuit authority, Giguere argues that he is entitled to recover liquidated damages under *both* the Wages Act provisions and the Overtime Wage provisions, because the penalties are for distinct statutory violations and the purposes of the penalties differ. In order to understand Giguere's argument, it is necessary to understand a few basic principles of recovery.

Compensatory damages—sometimes referred to as remedial damages—are "awarded to compensate [a] plaintiff for injury legally attributable to the defendant"; they seek to make a plaintiff whole. Andrew M. Horton & Peggy L. McGehee, *Maine Civil Remedies* 56 (4th ed. 2004). "Overcompensation is undesirable, not only because it is unjust but also because it provides the wrong incentives to both parties." Dan B. Dobbs & Caprice L. Roberts, *Law of Remedies: Damages, Equity, Restitution* 236-37 (3rd ed. 2018). Punitive damages—sometimes referred to as exemplary damages— serve to deter and punish unlawful conduct. *Tuttle v. Raymond*, 494 A.2d 1353, 1355 (Me. 1985). A plaintiff must receive compensatory damages for a court to award punitive damages. *Rand v. Bath Iron Works Corp.*, 832 A.2d 771, 775 (Me. 2003). In Maine, common law punitive damages may only be awarded where a court determines that a defendant acted with malice. *Tuttle*, 494 A.2d at 1361 (punitive damages where defendant acted with "express" or "actual" malice, or with "deliberate conduct . . . so outrageous that malice . . . can be implied" (quotations omitted)).

The principle of single recovery—also referred to as the rule against double recovery—provides that a plaintiff can receive each type of damages only once for harm arising out of the same conduct. *See Shrader-Miller v. Miller*, 855 A.2d 1139,

1146 (Me. 2004) (allowing two punitive damages awards but only because plaintiff prevailed on separate statutory trespass and common law trespass claims and distinct conduct was the basis for each violation); *Theriault v. Swan*, 558 A.2d 369, 372 (Me. 1989) ("A plaintiff who alleges separate causes of action may not recover more than she actually suffered, even though she alleges different theories of liability."); Dobbs & Roberts, *supra*, at 236-37; 22 Am. Jur. 2d Damages § 32.

The Plaintiff relies on an Eleventh Circuit case which held that two damages awards for violations of two different federal statutes arising out of the same conduct are not duplicative where the purpose of the damages provision of one statute is compensatory and the purpose of the damages provision under the other statute is punitive. *See St. Luke's Cataract & Laser Inst., P.A. v. Sanderson*, 573 F.3d 1186, 1204 (11th Cir. 2009). The Plaintiff offers no Maine authority for allowing two statutory damage awards if the purposes of the statutory damages provisions are different. But Maine has recognized the principle that a plaintiff may not receive both statutory damages and common law damages, where the purposes of each award are the same. *Shrader-Miller*, 855 A.2d at 1146 ("[I]t is improper to award both [statutory] treble damages and [common law] punitive damages," if "statutory treble damages are a substitute for punitive damages."). The negative inference I can draw from *Shrader-Miller*, is that if the purpose of a statutory treble damages provision is remedial, it is permissible to award statutory treble damages in addition to common law punitive damages. *See* Dobbs & Roberts, *supra*, at 365 ("If the treble damage or civil penalty statute is not punitive but has a purely remedial purpose not served by

punitive damages, then presumably both the statutory and the common law punitive damages award would be permissible."). I see no reason apparent in Maine law or in the principles of damages why different rules would apply merely because both of the causes of action are statutory rather than one statutory and one common law.

Because the Defendant's unlawful conduct under the Wages Act and Overtime Wage provisions is the same—a failure to pay compensation for sleep time—Giguere is entitled to recover damages under both these provisions *only if* he can establish that the purpose of the penalties under § 626-A is distinct from the purpose of the penalties under § 670. I agree with Giguere that the purpose of the Overtime Wage liquidated damages provision is remedial. The issue thus boils down to whether the purpose of § 626-A's liquidated damages clause is punitive. In support of his argument, Giguere points to the fact that the caption of § 626-A of the Wages Act is "Penalties," while § 670 of the Overtime Wage provisions is captioned "Remedies." Giguere also points to a single document which mentions that the legislature passed § 626-A in an effort to deter employers from violating the Wages Act. H.P. 854, 107th Leg. (Me. 1975) ("The penalty for failure to pay wages or earned vacation pay is too small to provide a deterrent to the employer who refuses or delays payment. The purpose[] of this bill [is t]o provide a greater deterrent.").

While Plaintiff Giguere offers *some* support for his claim that the liquidated damages provision of § 626-A is punitive, he faces an uphill battle under Maine law. According to Horton and McGehee, in Maine, statutory double and treble damages provisions are generally "considered remedial rather than punitive in nature." Horton

& McGehee, *supra*, at 77 & n.132 (citing *Michaud v. City of Bangor*, 203 A.2d 687 (Me. 1964)). While the Law Court has sent some contradictory signals regarding other statutes, *see Shrader-Miller*, 855 A.2d at 1146 (assuming, without deciding, that statutory treble damages were punitive), the Law Court has been fairly clear that it does not consider the liquidated damages provision in § 626-A to be punitive in nature.

In *Purdy v. Community Telecommunications Corp.*, the Law Court declined to "engraft a good faith exception on [§ 626]"[5] and stated,

> the Legislature has not so limited the *remedial* effect of section 626 or provided an exemption for action taken by an employer in good faith. . . . We agree that the effect of this statute is harsh, perhaps more so than the Legislature intended. Nonetheless, we cannot ignore the statute's plain language and its *broadly protective purpose.*

663 A.2d 25, 28 (Me. 1995) (emphasis added). In *Bisbing v. Maine Medical Center*, the Law Court twice suggested that it considers the purpose of the Wages Act to be remedial. 820 A.2d 582, 584-85 (Me. 2003). First, the Law Court awarded the plaintiff attorneys' fees on appeal, as it had "under other remedial statutes." *Id.* at 585. Second, relying on *Purdy,* the Law Court again declined to impute an element of bad faith, reiterating the statute's "broadly protective purpose." *Id.* at 584 (quoting *Purdy*, 663 A.2d at 28); s*ee also Knoppers v. Rumford Cmty. Hosp.,* 531 A.2d 1276, 1281 n.2 (Me. 1987) (three justices in dissent argued that § 626 did not need to be strictly

---

[5] Section 626 provides that "[a]n employee leaving employment must be paid in full no later than the employee's next established payday." 26 M.R.S. 626. Damages for a violation of § 626 are provided for in § 626-A, just as that section provides damages for a violation of § 629. Neither § 626-A nor § 629 contains a good faith exception. *See Burke v. Port Resort Realty Corp.*, 737 A.2d 1055, 1060-61 (Me. 1999) (holding that award of "statutory penalties" under § 626-A for violation of § 626 was appropriate because § 626 does not have a good faith exception).

construed because, despite containing liquidated damages provision, the statute was not punitive—a point not disputed by the majority).[6]

In light of *Bisbing* and *Purdy*, I believe that the Law Court is unlikely to conclude that the purpose of the liquidated damages provision of § 626-A is punitive in nature. Because I believe that the purposes of the liquidated damages provisions of both § 626-A and § 670 are remedial, I follow the general rule that a plaintiff may not recover twice for the same loss. *See Theriault*, 558 A.2d at 372; *see also Carroca v. All Star Enterprises & Collision Center, Inc.,* Civ. No. 12-11202-DJC*, 2013 WL 3496537, at *4 (D. Mass. July 10, 2013) (refusing to provide a double recovery for employer's failure to pay wages, court awarded treble damages under a Massachusetts wage payment law similar to § 621-A of the Maine Wages Act, but did not also order double damages remedy under the FLSA). Because § 626-A mandates the greater award, I award Giguere his back wages plus prejudgment interest and an additional award of twice his back wages as liquidated damages under Count Two. I do not award any additional amount under either Counts One or Three.

## CONCLUSION

For the reasons stated above, the reasons stated in the Order on Cross Motions for Summary Judgment, the reasons stated at the bench trial in August, and per the Stipulations, the Court **ORDERS** that:

---

[6]     Other states have also held statutory treble damages provisions to be compensatory in the absence of a malice or willfulness requirement. *See Vader v. Fleetwood Enters., Inc.*, 201 P.3d 139, 150 (Mont. 2009); *Barth v. Canyon Cty.*, 918 P.2d 576, 581-82 (Idaho 1996).

- Judgment shall enter in favor of the collective action Plaintiffs on Count One, and judgment shall enter in favor of named Plaintiff Giguere on Counts Two and Three.[7]

- Plaintiff Giguere shall recover for all 1,631 unpaid hours under § 626-A. His back wages total $29,823.25. *See* Stipulations ¶ 4. He shall receive prejudgment interest on his back wages at a rate of 4.76% from February 4, 2016, through the date judgment is entered. He shall also receive an additional award as liquidated damages in the amount of twice his back wages.

- The collective Plaintiffs shall recover under Count One their back wages as provided in the Wage Chart, plus prejudgment interest at a rate of 3.5% compounded monthly from the date of accrual of their respective causes of action to the date judgment is entered.

- Plaintiff Southwick shall recover under Count One back wages as provided in the Wage Chart, plus prejudgment interest at a rate of 3.5% compounded monthly from the date of accrual of the cause of action to the date judgment is entered, plus liquidated damages in the amount of $269.28.


SO ORDERED.

/s/ Nancy Torresen
United States Chief District Judge

Dated this 23rd day of October, 2018.

---

[7] Plaintiffs withdrew Count Four before summary judgment. Pls.' Mot. 2 n.1 (ECF No. 56).